454

THE STATE, EX REL. BRY, APPELLANT, *v.* KIRK ET AL.,
APPELLEES.

[Cite as State, ex rel. Bry, v. Kirk (1975),
42 Ohio St. 2d 454.]

(No. 74-1045—Decided June 11, 1975.)

*Messrs. McNamara, Gemperline & Wagner* and *Mr. John G. Salmon*, for appellant.

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley* and *Mr. Stephen M. O'Bryan*, for appellees.

*Per Curiam.* In his complaint for a writ of mandamus, appellant avers that the provisions of R. C. 731.32, *supra*, and 731.29 had been complied with; that he had filed "the necessary documents" with both appellees; and that both appellees had signed, on June 13, 1974, a receipt for a "verification copy of the proposed ordinance."

However, construing the evidence of record most strongly in favor of appellant discloses that Mr. Bry prepared a *xerographic copy* of a verified copy of the proposed ordinance and other documents required to be filed with appellees, placed them in an envelope, and instructed his wife to take the envelope to city officials the next day for filing. Mrs. Bry merely delivered the envelope to the office of appellee Kirk at a time when appellee Renouard was on vacation. Five city employees had occasion to review the contents thereof and each individual, including appellee Kirk, affirmed under oath that no ordinance or copy thereof was contained in the envelope. Thomas E. Allen, Director of Law for Rocky River, publicly explained at a July 1 council meeting that the referendum petitions had not been properly filed.

Appellant contends that his *allegation* of proper filing precludes a dismissal of the mandamus action.

On the other hand, appellees contend, in effect, that the Court of Appeals was correct in not granting a writ of mandamus because the evidence conclusively establishes that a *verified* copy of the proposed ordinance was never filed in accordance with R. C. 731.32. See *State, ex rel. Clink,* v. *Smith* (1968), 16 Ohio St. 2d 1.

This court agrees with both contentions. The *allegation* of proper filing should prevent a dismissal inasmuch as a cause of action has been "stated." Civ. R. 9(C). However, where evidence shows such allegation to be false or frivolous, a summary judgment may properly issue. Civ. R. 56(C) and (G).

After correctly determining that a writ of mandamus should not issue, the Court of Appeals should have entered summary judgment for respondents rather than dismissing the complaint.

Although this court does not condone such erroneous disposition, in the interest of judicial economy, the judgment of that court is affirmed insofar as it refused to issue the writ of mandamus.

*Judgment accordingly.*

O'Neill, C. J., Herbert, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.

Corrigan, J., dissents.