POWELL ET AL., APPELLANTS, *v.* OHIO CIVIL RIGHTS
COMMISSION ET AL., APPELLEES.

[Cite as Powell v. Ohio Civil Rights Comm. (1976),
51 Ohio App. 2d 197.]

(No. 76AP-192—Decided October 5, 1976.)

*Messrs. Chamblin & Snyder,* for appellants.
*Mr. William J. Brown,* attorney general, *Mr. David G. Latanick* and *Mr. Earl Manz,* for appellees.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Ohio Civil Rights Commission. In support of their appeal, appellants raise three assignments of error, as follows:

"1. The Court of Common Pleas erred in holding that the Ohio Civil Rights Commission had jusisdiction to proceed with this case for an alleged housing discrimination on the basis of a referral letter from the federal office of Housing and Urban Development, without receiving a charge in writing and under oath by the person allegedly discriminated against.

"2. The Court of Common Pleas erred in holding that notice to the Ohio Civil Rights Commission by the federal office of Housing and Urban Development that a complaint of housing discrimination had been received, gave the Ohio Civil Rights Commission jurisdiction to proceed un-

der Section 4112.05, Revised Code, against the persons named in the HUD Complaint.

"3. The Court of Common Pleas erred in holding that the final order of the Ohio Civil Rights Commission was reasonable and lawful."

The first and second assignments of error are somewhat interrelated and will be considered together, both relating to the jurisdiction of the Ohio Civil Rights Commission to proceed solely upon the basis of a deferral letter from the federal office of housing and urban development. R. C. 4112.05(B) provides:

"Whenever it is charged in writing and under oath by a person, referred to as the complainant, that any person, referred to as the respondent, has engaged or is engaging in unlawful discriminatory practices, or upon its own initiative in matters relating to any of the unlawful discriminatory practices enumerated in division (A), (B), (C), (D), (E), (F), (1), or (J) of section 4112.02, or section 4112.-021 of the Revised Code, the commission may initiate a preliminary investigation. Such charge shall be filed with the commission within six months after the alleged unlawful discriminatory practices are committed. * * * If it determines after such investigation that it is probable that unlawful discriminatory practices have been or are being engaged in, it shall endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion. * * *If the commission fails to effect the elimination of such unlawful discriminatory practices and to obtain voluntary compliance with Chapter 4112. of the Revised Code, or, if the circumstances warrant, in advance of any such preliminary investigation or endeavors, and if, with respect to an alleged violation of division (H) of section 4112.02 of the Revised Code, the commission finds that the complainant acted with intention of fulfilling any contracts or agreements he was seeking, the commission shall issue and cause to be served upon any person or respondent a complaint stating the charges in that respect and containing a notice of hearing before the commission * * * to be held not less than ten days after the service of such complaint. * * *"

Both the complaint and amended complaint initiated by the Ohio Civil Rights Commission charged appellants with a violation of R. C. 4112.02(H)(1) and (2). Accordingly, this was not a matter upon which the commission could act on its own initiative, but a charge in writing under oath was required to be first filed with the commission to initiate proceedings. It is conceded that this was not done in this case.

However, appellees contend that a verified complaint form filed with the Chicago office of the United States Department of Housing and Urban Development (HUD) and which was "deferred" to the Ohio Civil Rights Commission is suffiicient for this purpose. The Court of Common Pleas apparently predicated its decision upon this basis. As stated by the Court of Common Pleas in its decision:

"* * * The undisputed facts reveal that the Commission never received a so-called charge affidavit under oath on its forms from Harold Wright. The admitted facts further establish that the complainant Wright completed and notarized an affidavit on a form supplied by the Housing Opportunity Center of Metropolitan Columbus, which was forwarded to the Federal Department of Housing and Urban Development (HUD). * * * In this case, HUD did refer the complaint to the Ohio Civil Rights Commission and forwarded the complainant's sworn complaint. * * *"

The Court of Common Pleas and appellees both rely upon Section 810(c), Title VIII of the Civil Rights Act of 1968 as authority for their conclusions. However, their reliance is misplaced. There is nothing in that act which attempts to circumvent or change Ohio law or to confer jurisdiction upon a state agency which the agency does not otherwise possess. The statutory provision is one for deferring to the jurisdiction of a state agency, if it exists, and requires the federal agency to notify the state agency that a complaint has been filed with the federal agency and that no action will be taken with respect to the complaint by the federal agency if the appropriate state agency commences proceedings within 30 days after such notification. The federal statute in no way defines or attempts to de-

fine the procedures necessary to be utilized by the state agency in order to commence proceedings. This is obviously determined by state law—in this instance, R. C. 4112.05 (B).

It is quite obvious and clear that the filing of a charge under oath with the Chicago office of the United States Department of Housing and Urban Development does not constitute the filing of a charge in writing under oath with the Ohio Civil Rights Commission. In fact, the complainant expressly testified that he did not wish to file with the Ohio Civil Rights Commission.

Even though the charge in writing was initially filed with HUD, if in fact that charge had been forwarded to the Ohio Civil Rights Commission by HUD, a question might well arise as to whether that would be sufficient to confer jurisdiction upon the Ohio Civil Rights Commission. However, this was not done in this instance. Rather, HUD forwarded to the Ohio Civil Rights Commission what appears to be a xerographic copy of that which was filed with HUD. Such copy only is included in the record before us, and any question as to whether or not an original charge in writing under oath was received by the Ohio Civil Rights Commission is clarified by the testimony of the southeast regional director for the Ohio Civil Rights Commission to the effect that only a copy which appears to be a xerographic copy was received by the Ohio Civil Rights Commission.

In connection with referendums, the Supreme Court of Ohio has held that a xerographic copy of a verified copy of a proposed ordinance does not constitute a verified copy of the proposed ordinance. *State, ex rel. Bry,* v. *Kirk* (1975), 42 Ohio St. 2d 454; see, also, *State, ex rel. Clink,* v. *Smith* (1968), 16 Ohio St. 2d 1. While the *Bry* case was concerned with R. C. 731.32, requiring the filing of a verified copy of a proposed initiated ordinance with the city auditor, and this case is concerned with a requirement of the filing of a charge in writing under oath with the Ohio Civil Rights Commission, the principle of law is the same. Both require that that which is filed be supported by an affidavit as to the truth of the matter set forth. In *Clink,* the Supreme

Court defined verified as so meaning. R. C. 4112.05(B) makes this quite clear in this case, requiring a written charge under oath. Applying the principles of *Bry*, we must find that a xerographic copy[1] of a charge in writing under oath does not constitute a charge in writing under oath meeting the requirements of R. C. 4112.05(B) as a prerequisite to the exercise of jurisdiction by the Ohio Civil Rights Commission.

We must reiterate that the issue before us and determined by us is not whether or not a charge in writing under oath originally filed with a federal agency and then forwarded to and filed with the Ohio Civil Rights Commission meets the requirements of R. C. 4112.05(B). The record in this case clearly demonstrates that this did not occur in this case. However, this appears to have been the basis upon which the Court of Common Pleas predicated its decision. As indicated above, the issue before us is whether the filing of only a xerographic copy of a charge in writing under oath meets the requirements of R. C. 4112.05(B) that a charge in writing under oath be filed with the Ohio Civil Rights Commission in order to confer jurisdiction upon it. We find that a xerographic copy is not sufficient but that only the original charge in writing and under oath meets the requirements of R. C. 4112.05(B), in accordance with the *Bry* case, *supra*.[2] Accordingly, the first two assignments of error are well taken.

Similarly, the third assignment of error is well taken. The record in this case indicates that although Anne Powell was the record owner of the property involved, Howard Powell, her father, operated the apartments under a lease from his daughter. Although the formal lease was not in evidence, there was other evidence tending to support such contention, including evidence by the complainant that he had dealt with Howard Powell and that the lease

---

[1] It must be borne in mind that the statute requires the *original*, not a copy, to be filed with the commission.

[2] The need for this rule is clear because of the difficulty of detecting from a xerographic copy whether or not alterations have been made to the original.

which he eventually obtained directed that checks in payment of rent be made payable to Howard Powell or H. L. Powell. Under the evidence adduced in this case, Howard Powell was an indispensible party. It is indeed discriminatory and a denial of equal protection to enjoin the owner of the property with respect to discrimination when the lessee who actually is in a position to operate and rent the apartments is not made a party to the proceedings. It is true that, in the amended complaint, there is a statement that Howard Powell is a party respondent; however, he was not made a party by service and notice as should have been done.

The xerographic copy of the affidavit upon which the Ohio Civil Rights Commission contends its complaint is predicated clearly indicates that the individuals involved are "Anne and Howard I. Powell." Why Howard Powell was not made a party to these proceedings is incomprehensible. Any investigation of the complaint of necessity would have revealed that it was Howard Powell and not Anne Powell whom the complainant contended discriminated against him by failing to rent him an apartment. Later, however, complainant, through another, rented an apartment and remained a tenant thereof for several months until evicted for nonpayment of rent. The complainant admitted that he never truly moved into the apartment as a resident and spent only about eight days there during the several-month period.

For the foregoing reasons, all three assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for the entering of an appropriate judgment in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY, J., concurs.
HOLMES, J., dissents in part and concurs in part.

HOLMES, J., dissenting in part and concurring in part. I must respectfully dissent in part from the majority decision herein, and in so doing agree with the trial court for two basic reasons. First, R. C. 4112.08 contained within the pertinent chapter of law dealing with civil rights requires that: "The provisions of sections 4112.01 to 4112.08 of the Revised Code shall be construed liberally for the accomplishment of the purposes thereof and any law inconsistent with any provision hereof shall not apply. * * * "

The Supreme Court of Ohio specifically recognized this mandate of the legislature in *Ohio Civil Rights Comm.* v. *Lysyj* (1974), 38 Ohio St. 2d 217, and *State, ex rel. Civil Rights Comm.,* v. *Gunn* (1976), 45 Ohio St. 2d 262.

R. C. 4112.05(B) confers jurisdiction upon the Ohio Civil Rights Commission, as follows:

"Whenever it is charged in writing and under oath by a person * * * that any person * * * has engaged or is engaging in unlawful discriminatory practices * * * the commission may initiate a preliminary investigation. Such charge shall be filed with the commission * * *."

Accordingly, the commission has jurisdiction to proceed in a matter upon the satisfaction of four conditions: (1) there must be a charge; (2) the charge must be in writing; (3) the charge must be under oath; and (4) the charge must be filed with the commission. All of these conditions had been met prior to the commission's acceptance of jurisdiction in this case.

Secondly, I am in complete agreement with the majority that, in the fulfillment of those statutes setting forth filing procedures, such as in intiative and referendum statutes calling for *verified* copies of ordinances, the Supreme Court has required strict adherence to the requirements of the statutes. However, here we are, as stated, dealing with a chapter of law in which the legislature has mandated a liberal construction upon review. Further the sections of law involved here do not specifically require a filing of an original complaint under oath, or *verified* copy thereof.

It is my view that a reasonable interpretation of this

section as applied to the facts in this case would establish jurisdiction in the Ohio Civil Rights Commission.

As to assignment of error number three, I am inclined to agree with the majority, and would sustain such insofar as the final order omits, and is not directed to, the one who it would appear was in direct charge and control of the premises under a lease with his daughter, the owner thereof.

Further in this latter regard, it would appear that such order went considerably beyond the necessities, if not the capabilities, of one of the respondents to comply with such order. Verna Hall, according to the record, was an employee of the lessee, and was not in the position of determining policy as to these housing accommodations.

As to the third assignment of error, I would reverse, and remand for further proceedings in order to clarify the parties' responsibilities, and the entering of a more appropriate order after evidence is adduced.