CENTRAL OHIO JOINT VOCATIONAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.* ADMR., OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE, ET AL.

[Cite as Central Ohio Joint Vocational School Dist. Bd. of Edn. *v.* Ohio Bur. of Emp. Serv. (1986), 21 Ohio St. 3d 5.]

(No. 84-1898—Decided January 2, 1986.)

*Squire, Sanders & Dempsey, R. Dean Jollay, Jr.,* and *David W. Alexander,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Patrick A. Devine,* for appellee, Administrator, Ohio Bureau of Employment Services.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Robert T. Baker* and *Matthew J. DeTemple,* urging reversal for *amicus curiae,* Ohio School Boards Association.

DOUGLAS, J. The issue presented in this case is whether Young was "available for suitable work" for purposes of eligibility under the unemployment compensation laws. For the reasons that follow, this court

finds that there was sufficient evidence in the record to support the finding that Young was available for suitable work. This court thus holds that the award of unemployment compensation benefits to Young was proper.

In reaching this decision today, this court has remained mindful of the statutorily imposed limitations on its right of review of unemployment compensation benefit awards. R.C. 4141.28(O) provides in pertinent part as follows: " * * * If the court finds that the decision [of the board] was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * * "

The court, in applying R.C. 4141.28(O) held, in *Simon* v. *Lake Geauga Printing Co.* (1982), 69 Ohio St. 2d 41, 45 [23 O.O.3d 57], that "[a] reviewing court can not usurp the function of the triers of fact by substituting its judgment for theirs. 'The decision of purely factual questions is primarily within the province of the referee and the board of review.' *Brown-Brockmeyer Co.* v. *Roach* (1947), 148 Ohio St. 511, 518 [35 O.O. 101]." More generally, this court has held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], syllabus.

In the case at bar, appellant contends that Young is not entitled to unemployment compensation benefits for either one of two reasons. First, appellant maintains that inasmuch as Young was unable to obtain a teaching certificate for the new school year, he was thus "unavailable for suitable work" within the meaning of R.C. 4141.29(A)(4).[3] More specifically, appellant argues that Young was not eligible for certification because Ohio Adm. Code 3301-21-39(E)(3) provides only for "[a] first one year vocational renewal" and because no provision for additional renewals is made in the Ohio Administrative Code. In addition, appellant stresses that inasmuch as Young failed to complete the requisite educational course work, he was ineligible for a four-year provisional teaching certificate.

Appellant's position, however, is not supported by the record, nor is it supported by statute. R.C. 3319.281 provides, in pertinent part, that a

---

[3] R.C. 4141.29 provides in part as follows:

"Each eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment in the amounts and subject to the conditions stipulated in sections 4141.01 to 4141.46 of the Revised Code.

"(A) No individual is entitled to * * * benefits * * * unless he:

"* * *

"(4)(a) Is able to work and available for suitable work and is actively seeking suitable work either in a locality in which he has earned wages subject to Chapter 4141. of the Revised Code, during his base period, or if he leaves such locality, then in a locality where suitable work is normally performed."

one-year vocational " * * * certificate shall be issued only upon the request of the employing local administrator or his agent," and that "[t]he one year vocational certificate may be renewed, not to exceed *three times* for secondary program teachers."[4] (Emphasis added.)

In the instant case, it is undisputed that Young's one-year vocational certificate had been renewed only once. Pursuant to R.C. 3319.281, a one-year certificate may be renewed three times. As the court of appeals correctly noted, there is no credible evidence[5] in the record that appellant, the employing local administrator, ever made a request for a renewal of the one-year certificate. Moreover, there is no competent evidence in the record of a refusal to issue such a certificate. Accordingly, Young cannot be said to be unavailable for employment on the basis he was ineligible for employment due to lack of certification. A teacher-claimant will thus be deemed "available for suitable work" within the meaning of R.C. 4141.29(A)(4) for purposes of eligibility for unemployment compensation benefits where he is eligible to teach pursuant to a second renewal of a one-year vocational teaching certificate and such renewal has not been denied.

Furthermore, the evidence in the record supports the referee's determination that Young " * * * was separated on June 8, 1982, because this was the end of the school term and no other work was available for claimant[;] * * * [that Young] was at no time discharged by the school board[;] * * * [and that Young] was laid off at the end of the school term and was not subsequently rehired because it was not felt that he continued to meet the qualifications for the available position. * * * "

There being some competent, credible evidence to support the board's finding that Young was separated by appellant for lack of work and to support the board's decision to award benefits, this decision will not be reversed on appeal.

In arriving at this outcome, this court has considered the impact of Ohio Adm. Code 3301-21-39(E)(3) which provides as follows:

"Renewal of one year vocational certificate—A first one year vocational renewal will be issued upon the completion of an in-service program of education which shall be equivalent to a minimum of four semester hours (six quarter hours) of teacher improvement at a college or university approved for vocational trade and industrial education.

"(a) Course work shall be selected from the following areas: * * *."

First, we note that the language of Ohio Adm. Code 3301-21-39(E)(3) only explicitly addresses the first renewal; more importantly, it does not explicitly prohibit second and third renewals.

---

[4] For the complete text of the statute, see footnote 1, *supra.*

[5] The court of appeals did note that there was some "hearsay testimony in the record to the effect that the one-year vocational certificate would not be renewed for a second or third time except for extenuating circumstances which do not include failure to attend class * * *."

Second, if Ohio Adm. Code 3301-21-39(E)(3) were construed to permit only *one* renewal of a one-year certificate, it would be in direct conflict with R.C. 3319.281 which permits renewal of one-year certificates, not to exceed *three* renewals. It is well established, however, that administrative rules, in general, may not add to or *subtract from,* as is the situation herein, the legislative enactment. See, *e.g., Ransom & Randolf Co.* v. *Evatt* (1944), 142 Ohio St. 398 [27 O.O. 348]. Moreover, if Ohio Adm. Code 3301-21-39(E)(3) were so construed, it would be rendered a nullity, for it has been held that a rule is invalid where it clearly is in conflict with any statutory provision. See, *e.g., Matz* v. *J.L. Curtis Cartage Co.* (1937), 132 Ohio St. 271 [8 O.O. 41]; *Carroll* v. *Dept. of Adm. Serv.* (1983), 10 Ohio App. 3d 108. Thus, to the extent that Ohio Adm. Code 3301-21-39(E)(3) may have been interpreted, as appellant contends, to permit only one renewal of a one-year vocational teaching certificate, it is invalid as it is in conflict with R.C. 3319.281 which provides for a maximum of three renewals.

Appellant also asserts that Young, by abandoning the mandatory course of study for a four-year provisional certificate, "quit" his employment within the meaning of R.C. 4141.29(D)(2).[6] Inasmuch as this court has determined that Young was eligible to teach under a renewed one-year certificate, there is no need for the court to address this issue.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Sweeney, Locher, Holmes and C. Brown, JJ., concur.

Celebrezze, C.J., concurs in judgment only.

Wright, J., dissents.

Wright, J., dissenting. The majority decision insulates Young from responsibility for his failure to obtain proper certification as a teacher. Further, the decision appears to require the school board to request a renewal of a provisional teaching certificate for someone who deliberately aborted efforts to fulfill the statutory requirements for a teaching certificate.

The record supports the board's initial conclusion that when Young ap-

---

[6] R.C. 4141.29(D) provides in part:

"Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

" * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work, provided division (D)(2) of this section does not apply to the separation of a person under any of the following circumstances: * * *."

plied for compensation benefits he was unavailable for suitable work within the meaning of the unemployment compensation statute.

The majority fails to focus on R.C. 4141.29, which addresses eligibility requirements for unemployment compensation benefits, and provides:

"(A) No individual is entitled to a waiting period or benefits for any week unless he:

" * * *

"(4)(a) Is able to work and available for suitable work and is actively seeking suitable work * * *."

In its opinion upon reconsideration, the board stated that Young was separated from employment at the school because of "lack of work." Nevertheless, at the point where there was an available teaching position at the school, Young was not prepared to accept the position because he did not possess the required teaching certificate. Young chose not to complete the courses required for obtaining a four-year teaching certificate. He acted *in anticipation* of discharge based on a lack of enrollment. The April 26 letter informing Young that his contract would not be renewed was *not* a dismissal. The notice merely prevented the operation of the statute that provides for automatic renewal of teaching contracts. The school board complied with R.C. 3319.11 which requires that a teacher whose contract *may* not be renewed for the following school year be notified prior to April 30. Although the statute requires early notification, the effective date of non-renewal is the beginning of the following school year.

Young was one of four teachers receiving notification. All were further informed that, if enrollment increased, they would be reemployed the following year. Three of the four were in fact offered contracts for the following school year after enrollment increased. Young would also have been offered a contract for the following year, since enrollment in his program did increase. The school board's failure to continue Young's employment was not a discretionary act, but was required by R.C. 3319.30 which specifically prohibits the employment of any teacher who does not hold a teaching certificate for the position.

The Superintendent of Central Ohio Joint Vocational School testified that it was the practice in Ohio to complete the requirements for a four-year provisional teaching certificate after teaching for two years with one-year teaching certificates. Young testified that he knew the decision to offer his course could not be made until the beginning of the fall semester and that he was aware that to remain employed by the school he would have to obtain a four-year provisional certificate. Nevertheless, Young decided not to complete either of the courses necessary to meet the requirements for a four-year certificate.

The parties acknowledged that in order to obtain another renewal of Young's one-year teaching certificate there would have to have existed extenuating circumstances preventing Young from completing his course

work. The superintendent stated that when he inquired as to the possibility that Young be granted a third one-year teaching certificate, a member of the Division of Vocational Education told him that such a renewal has only been allowed "on occasion for serious illness or other very severe extenuating circumstances[,] but it would not be done because an individual did not attend classes for whatever reason." The evidence supports the conclusion that another renewal of the one-year teaching certificate would not have been granted absent serious extenuating circumstances which were not present in this case. The circumstances of this case did not require the superintendent to request a renewal of Young's certificate.

The board's holding that Young was separated from employment at the school because of "lack of work" is inaccurate. When there was an available teaching position at the school, Young was unqualified. Therefore, on September 9, 1982, when Young applied for compensation benefits he was unavailable for suitable work within the meaning of the unemployment compensation statute.

Based on the foregoing, I respectfully dissent.