Ralph CARR, Plaintiff,

v.

FRENCH OIL MILL MACHINERY COMPANY, Defendant.

No. C–3–88–108.

United States District Court, S.D. Ohio, W.D.

June 2, 1989.

W. Lynn Swinger, Sidney, Ohio, for plaintiff.

A. Mark Segreti, Jr., Dayton, Ohio, for defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; OPINION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR ITS FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FED.R.CIV.P. 12(b)(6), TO FOLLOW

RICE, District Judge.

This case is before the Court on the Motion of Defendant French Oil Mill Ma-

chinery Company to Dismiss Plaintiff's age discrimination claims pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter and for failure to state a claim on which relief can be granted (Doc. # 6, Doc. # 9). Since the Court must find jurisdiction before determining the validity of a claim, Defendant's motion under Fed. R.Civ.P. 12(b)(1) questioning subject matter jurisdiction must be considered before consideration of the Motion to Dismiss for failure to state a claim upon which relief can be granted. *See Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Gould v. Pechiney Ugine Kuhlmann,* 853 F.2d 445, 450 (6th Cir.1988). A decision on the Motion to Dismiss for failure to state a claim upon which relief can be granted will be forthcoming. This decision deals solely with the Fed.R.Civ.P. 12(b)(1) motion or the Motion to Dismiss for lack of subject matter jurisdiction.

Plaintiff filed suit on March 2, 1988, on the ground that his employment with the Defendant was terminated in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* and Ohio Revised Code (O.R.C.) § 4101.17. In his original Complaint, Plaintiff alleged that prior to filing suit in federal court, he filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged discriminatory discharge. Plaintiff further stated that subsequent to filing suit, he intended to file a charge of age discrimination with the Ohio Civil Rights Commission (OCRC) pursuant to O.R.C. § 4112.05 (Doc. # 1).

In its initial Motion to Dismiss for lack of subject matter jurisdiction, the Defendant claimed this Court lacked subject matter jurisdiction because Plaintiff failed to comply with 29 U.S.C. § 633(b), which requires as a jurisdictional matter before an individual can bring an ADEA action in a state which has a law prohibiting age discrimination in employment, that every person must have commenced state proceedings at least 60 days prior to the filing of the Complaint. Specifically, since Plaintiff admittedly had not commenced proceedings with the OCRC prior to bringing this suit, Defendant claimed that the Court lacked subject matter jurisdiction over the ADEA claim and likewise pendent jurisdiction over the state claim. (Doc. # 6).

Subsequently, the Court granted Plaintiff leave to amend his Complaint.[1] In his Amended Complaint (Doc. # 10), Plaintiff repeated his assertion that prior to filing suit, he filed a timely charge with the EEOC; but changed his allegation as to the state action he had taken to read: "Subsequent to filing this action, Plaintiff has commence [sic] a state proceeding in accordance with law and the ADEA (29 U.S.C. § 633(b)) by filing a charge of discrimination with the Ohio Civil Rights Commission pursuant to Ohio Revised Code § 4112.05."

In response to Plaintiff's Amended Complaint, Defendant renewed its Motion to Dismiss (Doc. # 9), on the same grounds as the original Motion to Dismiss—failure to comply with 29 U.S.C. § 633(b)—and further arguing that since the Amended Complaint provided that Plaintiff had commenced an action with the OCRC under O.R.C. § 4112.05, Plaintiff's pendent state claim under O.R.C. § 4101.17 must be dismissed because under Ohio law, although a person may seek either administrative or judicial relief for age discrimination, an election of remedies is required. Since Plaintiff under the Amended Complaint was now alleging that he filed a charge with the OCRC, Defendant argued that Plaintiff's pendent state claim for *judicial* relief should be dismissed.

Finally, Plaintiff was granted leave by this Court to amend his Complaint a second time. The current version of Plaintiff's Complaint reads the same as the original and the first Amended Complaint except as to the paragraph concerning state action

---

1. In Plaintiff's Motion for Leave to Amend, he attached a letter written to him by the Cincinnati area office of the EEOC dated February 19, 1987, stating that his charge had been referred by the EEOC to the OCRC and thus Plaintiff's obligation under 29 U.S.C. § 633(b) had been met.

taken by the Plaintiff. In this connection, Plaintiff's final Amended Complaint presently provides for purposes of this Motion to Dismiss that "on July 31, 1987, Plaintiff filed the appropriate state proceedings prerequisite to this action as shown by Exhibit A attached hereto and incorporated herein." Exhibit A is a letter dated July 31, 1987 to the Plaintiff from the Director of the Cincinnati area office of the EEOC informing Plaintiff that the Commission had made the determination not to proceed further with the Plaintiff's ADEA charge because "evidence fails to show a violation". The letter further provided that the Commission would take no further legal action on Plaintiff's behalf but that if Plaintiff wished, he could file suit to seek relief.[2]

In his Memorandum Contra Defendant's Motion to Dismiss, Plaintiff attached the letter to him dated February 19, 1987 from the EEOC stating his charge had been referred to the OCRC (see footnote 1) and stated that in his view, the issue before the Court was whether the referral of Plaintiff's charge by the EEOC to the OCRC was a bar to Plaintiff's private action for discrimination under O.R.C. §§ 4101.17 and 4112.02(N).[3] Plaintiff argues (in apparent contradiction to his Second Amended Complaint) that since he himself did not file the action with the OCRC before he filed suit in federal court, he did not waive his right to bring the pendent state claim for age discrimination. In Defendant's Reply Memorandum, Defendant responded that since the letter attached to the Second Amended Complaint as Exhibit A (dated July 31, 1987) merely stated that the EEOC was dropping Plaintiff's age discrimination charge, Plaintiff had still failed to comply with the requirements of 29 U.S.C. § 633(b) by commencing state action within 60 days of filing suit in federal court. Defendant further charged that the letter attached to Plaintiff's Memorandum Contra Motion to Dismiss (dated February 19, 1987) which states that the EEOC was referring Plain-

tiff's age discrimination claim to the OCRC was not part of Plaintiff's Complaint and therefore should not be considered by the court. Plaintiff responded to this argument, in his Supplemental Response to Defendant's Motion to Dismiss, by claiming "opposing counsel [argues] … the court does not have jurisdiction unless previous state action was taken and then arguing if previous state action was taken, the Court lacks jurisdiction." (*See* Doc. # 17). The Plaintiff further indicated that he would file a copy of the complaint he intended to file with the OCRC which the Court subsequently did in fact receive. (*See* Doc. # 19.)

■ At the outset, a Rule 12(b)(1) motion may be used to attack two different types of defects in the complaint: a challenge to the actual subject matter jurisdiction of the court or the pleader's failure to comply with Federal Rule of Civil Procedure 8(a) (the allegations in the Complaint are insufficient to show that the federal court has jurisdiction over the subject matter of the case). 5 Wright & Miller, *Federal Practice and Procedure* § 1350 (1969); *see also Gould v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir.1988). The actual subject matter jurisdiction of the Court is the defect challenged herein.

■ The general rule is that when considering the challenge to the actual subject matter jurisdiction of the court, the district court may consider matters outside the pleadings and resolve disputed issues of fact. 5 Wright & Miller, *Federal Practice and Procedure* § 1350 (1969); *see also McConnell v. Frank Howard Allen & Company*, 574 F.Supp. 781 (D.C.Calif. 1983). Accordingly, in viewing the Complaint and all the pleadings filed with or in response to the Defendant's Motion to Dismiss, the Court finds that the following took place in connection with the filing of this suit. In order to comply with 29 U.S.C. § 626(d), the Plaintiff filed a charge

---

2. The Court ordered that Defendant's Motions to Dismiss (Doc. # 6, Doc. # 9) be deemed responsive to Plaintiff's Second Amended Complaint (*See* Doc. # 14).

3. The Court is uncertain why Plaintiff states he is seeking relief under O.R.C. § 4112.02(N) since he does not allege this in either his original or Amended Complaints.

with the EEOC on February 19, 1987 (*See* Doc. # 15 attachment) within 300 days of the alleged discriminatory discharge by his former employer, the Defendant (*See* Doc. # 13). The EEOC referred the charge to the OCRC on or about February 20, 1987 (*See* Doc. # 15 attachment). Subsequently, the Plaintiff received a letter from the EEOC dated July 31, 1987, rejecting his age discrimination charge because the "evidence fails to show a violation." The Plaintiff then brought suit in this Court on March 2, 1988, alleging that the Defendant discriminated against him on the basis of age in violation of federal and state law. Finally, on June 24, 1988, the Plaintiff filed a formal charge of age discrimination with the OCRC in order to meet the jurisdictional requirements of 29 U.S.C. § 633(b).

Defendant's Motion to Dismiss challenges the subject matter jurisdiction of this Court over both Plaintiff's federal *and* state claims for relief. In connection with the state law claim, the issue presented is whether the referral by the EEOC of Plaintiff's age discrimination charge to the OCRC constituted an election *by the Plaintiff* to seek an administrative rather than a judicial remedy under Ohio law thus foreclosing his pendent state claim in federal court. With regard to the federal claim under the ADEA, the issue is whether the Plaintiff nonetheless satisfied the jurisdictional requirements under the ADEA, 29 U.S.C. § 633(b), by commencing state proceedings. This Court finds it has jurisdiction over both claims. For reasons which will become clear, it is necessary to address jurisdiction of the state claim first.

█ In Ohio, three statutes provide remedies for a person aggrieved by age discrimination in employment: Ohio Revised Code Annotated §§ 4101.17 and 4112.02(N) (Page 1980 and Supp.1988) afford judicial remedies and O.R.C. § 4112.05 (Page 1980 and Supp.1988) provides an administrative remedy by means of recourse to the OCRC. Election of any one of these remedies forecloses relief under the other two. O.R.C. Annotated §§ 4101.17(B), 4112.02(N), and 4112.08 (Page 1980 and Supp.1988).

█ In order to bring an ADEA claim in a deferral state such as Ohio, a person alleging age discrimination must commence a proceeding with the appropriate state agency before bringing suit. 29 U.S.C. § 633(b). *Oscar Mayer & Company v. Evans*, 441 U.S. 750, 753–55, 99 S.Ct. 2066, 2070–71, 60 L.Ed.2d 609 (1979). The OCRC is the administrative agency empowered to investigate age discrimination claims in Ohio. O.R.C. Annotated § 4112.04 (Page 1980 and Supp. 1988). Additionally, no civil action may be commenced by a person under the ADEA unless the charge has been filed first with the EEOC. 29 U.S.C. § 626(b).

Although the federal and Ohio statutory schemes for remedying age discrimination are meant to complement one another, *McLaughlin v. Excel Wire and Cable Incorporated, et al.*, 787 F.2d 591 (6th Cir. 1986) (Table) [full text available on WESTLAW] (text available on LEXIS Genfed library, Courts file), an individual wanting to bring claims under both schemes is ostensibly caught in a "catch-22" situation. In *Merkel v. Scovill, Inc.*, 570 F.Supp. 133, 137–38 (S.D. Ohio 1983), the court expressly held that the plaintiff who brings an age discrimination suit under Ohio law after filing a charge with the OCRC is prevented by the state statutory scheme from proceeding with the state age discrimination claim as a pendent state claim in federal court. *See also Ackman v. Ohio Knife Co.*, 589 F.Supp. 768 (S.D. Ohio 1984). The facts in this case, however, differ from *Merkel v. Scovill.* Herein, Plaintiff filed a formal charge with the EEOC in order to satisfy 29 U.S.C. § 626(b) and the EEOC referred the charge to the OCRC. The issue facing this Court is whether the Plaintiff "elected" to proceed administratively with his state claim for discrimination (since it was the EEOC which referred his charge to the OCRC) and is he therefore foreclosed from bringing a pendent state claim under O.R.C. § 4101.17 along with his ADEA claim in federal court?

This Court is aware of only two Sixth Circuit opinions addressing this issue. In *McLaughlin v. Excel Wire Incorporated, et al., supra,* in a substantially similar situ-

ation, the district court dismissed the plaintiff's state law claim for age discrimination when it found that the EEOC's referral of the plaintiff's charge to the OCRC acted as an election of the administrative remedy under Ohio law and therefore barred any state law judicial relief. The Sixth Circuit, rather "than decide if an EEOC referral to OCRC bars a subsequent state law claim," reversed and remanded the case to the district court to make a factual determination whether the EEOC referred the plaintiff's original charge or only a xerographic copy to the OCRC. The court relied on an Ohio Court of Appeals decision to hold that "only the filing of an original charge was sufficient to meet the requirements of filing a charge in accordance with § 4112.05 of the Ohio Revised Code." *See Powell v. Ohio Civil Rights Commission,* 51 Ohio App.2d 197–201, 367 N.E.2d 896, 898–99 (Franklin Cty.1976).

Even if the EEOC did refer Plaintiff's original charge to the OCRC, this Court is convinced that an election of the state administrative remedy by Plaintiff did not occur. In *McLaughlin,* in dicta, the Sixth Circuit stated:

> Initially, the district court's decision is unprecedented. Filing a charge with the EEOC simply cannot be equated with instituting an action with the OCRC. *See Mason v. Midwestern Fidelity Corp.,* 589 F.Supp. 751, 755 (S.D. Ohio 1984). Next we find no support for the district court's holding in the Ohio statutes. Sections 4112.05 and 4112.08 of the Ohio Revised Code clearly preclude the judicial remedies under state law only if a charge, in writing and under oath, is filed with the OCRC within six months of an alleged discriminatory practice. Finally, since the filing with the EEOC is a prerequisite to bringing a subsequent suit under the ADEA, adoption of the district court's holding would foreclose ever bringing an action alleging age discrimination violative of both the ADEA and Ohio law in federal court. Such a result would run contrary to the interrelated and complimentary nature of federal and state employment discrimination procedures, *see New York Gaslight*

*Club, Inc. v. Carey,* 447 U.S. 54, 65 [100 S.Ct. 2024, 2031, 64 L.Ed.2d 723] (1980), and the established case law, *e.g. Ackman v. Ohio Knife Company,* 589 F.Supp. 768, 770 (S.D. Ohio 1984); *Krenning v. Darling & Co.,* 572 F.Supp. 923, 924 (S.D. Ohio 1983); *Merkel v. Scovill, Inc.,* 570 F.Supp. 133, 137 (S.D. Ohio 1983); *Morris v. Kaiser Engineers, Inc.,* 14 Ohio St.3d 45, 47; 471 N.E.2d 471, 474 (1984).

More recently, in *Alan Lafferty v. Coopers & Lybrand,* 841 F.2d 1126 (6th Cir. 1988) (Table) [full text available on WESTLAW] (text available on LEXIS Genfed library, Courts file), the Sixth Circuit held that the district court improperly dismissed a pendent state claim for age discrimination on similar grounds at issue herein. The Defendant argued on appeal that the state claim was barred because the plaintiff had elected to proceed administratively with his charge of age discrimination by processing his charge with the EEOC after informing the OCRC that he had intended to do so. The Sixth Circuit reinstated the plaintiff's state claim under O.R.C. § 4101.17 stating:

> "There is no indication that Ohio intended to bar a plaintiff who went to the EEOC, seeking no remedy from the Ohio Civil Rights Commission, from pursuing the claim under § 4101.17 where filing with the EEOC is required for the filing of a federal claim. Defendant's interpretation would effectively mean that Ohio barred federal court pendent jurisdiction of claims under § 4101.17. Whether Ohio could do this if it wished or not we do not believe is the result envisioned by the Ohio legislature."

In conclusion, the Court finds that it has subject matter jurisdiction over Plaintiff's state claim under O.R.C. § 4101.17 for age discrimination since the Plaintiff did not himself file an administrative claim with the OCRC before filing this suit.

 In addition, it is now clear that the Court also retains jurisdiction of Plaintiff's federal claim. Plaintiff met the jurisdictional requirements of 29 U.S.C. § 633(b)

by filing an untimely charge with the OCRC *after* he filed his federal and state claims for relief in this Court. In *Smith v. L. M. Berry & Co.,* 654 F.Supp. 11, 14 (S.D. Ohio 1986), this Court stated that even an untimely charge filed with the OCRC (a charge filed *after* commencement of a civil action joining federal and state claims) satisfies the requirements of ADEA that a state charge of discrimination be filed before a suit under the ADEA be pursued. Moreover, such an untimely filing with the OCRC does not preclude the court from hearing the pendent state claim, filed prior thereto. *See also, Merkel v. Scovill,* 570 F.Supp. 133, 137 (S.D. Ohio 1983) (holding that a charge filed with the OCRC pursuant to O.R.C. § 4112.05 after bringing a civil action joining federal and Ohio claims does not require the dismissal of the state statutory claims). Accordingly, the Court retains subject matter jurisdiction over both Plaintiff's federal and state claims for age discrimination.

WHEREFORE, based upon the aforesaid, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction is overruled.