**Wesley H. KRENNING, Plaintiff,**

v.

**DARLING & COMPANY, Defendant.**

**Civ. No. C-1-81-368.**

United States District Court,
S.D. Ohio, W.D.

Feb. 25, 1983.

James B. Helmer, Jr., Cincinnati, Ohio, for plaintiff.

Thomas R. Smith, Cincinnati, Ohio, for defendant.

## ORDER DENYING MOTION TO DISMISS

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon Defendant's Motion to Dismiss Count II of the Complaint. Plaintiff has filed a memorandum in opposition to the motion. For the reasons stated herein, Defendant's motion is DENIED.

Plaintiff brought this action alleging age based employment discrimination in March of 1981. The first cause of action stated a claim under Section 7 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b). The second count of the complaint alleged a violation of Ohio Revised Code Section 4101.17, which prohibits age discrimination and provides for a private right of action on behalf of an employee who alleges such discrimination.

In July of 1982, after discussions between the parties' counsel, Plaintiff filed a charge with the Ohio Civil Rights Commission (OCRC) pursuant to Ohio Rev.Code § 4112.-05. Both parties agreed that this step was taken in order to comply with the ADEA's requirement that a Plaintiff first resort to available state administrative remedies before bringing suit under the ADEA. 29 U.S.C. § 633(b); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). At the time the charge was filed plaintiff was informed orally that it would be dismissed by the OCRC as untimely.

In its motion, Defendant contends that Plaintiff's second cause of action is now barred as a result of Plaintiff's filing of a charge with the OCRC. This argument is based on the Ohio statutory scheme governing age based employment discrimination.

Three sections of the Ohio Revised Code provide remedies for age based employment discrimination: O.R.C. §§ 4101.17, 4112.02 and 4112.05. Section 4101.17 is addressed exclusively to age discrimination and provides that an "employee may institute a civil action against the employer in a court of competent jurisdiction." Section 4112.02 is a more inclusive antidiscrimination statute which also provides for a private right of action. Finally, § 4112.05 allows an indi-

vidual to enforce rights under § 4112.02 administratively, rather than judicially, by filing a charge with the OCRC. None of these remedies is preferred over another, but all three sections of the Code provide that once an action is instituted thereunder, the Plaintiff is thereafter barred from bringing an action under either of the other two provisions.

Defendant argues that Plaintiff's filing of a charge with the OCRC in July of 1982 bars his state claims under O.R.C. § 4101.17 and that Plaintiff's second cause of action should therefore be dismissed. We see several problems with this contention.

First, Defendant overlooks the fact that Plaintiff elected first to proceed under § 4101.17, rather than § 4112.05. It therefore appears that if either of the state claims brought by Plaintiff is barred by the Ohio statutory scheme, it is the charge brought pursuant to § 4112.05, rather than the prior § 4101.17 claim. Nor do we believe Plaintiff's inaccurate statement in the charge filed with the Commission to the effect that he had not "commenced any action under § 4101.17 or § 4112.02(N)", should adversely affect his right to proceed under § 4101.17 in this action. Plaintiff understandably believed that the filing of a charge with the OCRC, even though futile, was required by the ADEA and the Supreme Court's decision in *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979).

In *Oscar Mayer, supra,* the United States Supreme Court held that a Plaintiff who resides in a state with administrative remedies for age discrimination claims must first commence a proceeding with the state agency before filing an action under the ADEA. A Plaintiff must then wait sixty days after the commencement of the state proceeding, unless it is terminated within the sixty day period, before bringing an action under the federal statute. The Supreme Court held that "Section § 14(b) of the ADEA" is intended to give state agencies a limited opportunity to resolve problems of employment discrimination and thereby to make unnecessary, resort to federal relief by victims of discrimination." 441 U.S. at 755, 99 S.Ct. at 2071. The Court

went on to hold, however, that § 14(b) only requires that the Plaintiff *commence* state proceedings, and not that the state proceeding have been commenced within the time allotted by state law. *Oscar Mayer* then recognizes that the pursuit of state administrative remedies may be futile, but requires it anyway. Plaintiff in this case was therefore arguably required to file a charge with the OCRC even though it would be subject to dismissal on at least two grounds, in order to proceed with his claims under the ADEA.

The Ohio statutory scheme outlined above is somewhat unusual. Plaintiff has complete freedom of choice as to a judicial or administrative remedy, but cannot elect both. To accept Defendant's position would in effect prevent an Ohio plaintiff from joining a claim under the ADEA with either of the judicial remedies provided for by Ohio statute. In the absence of authority in support of this position, we decline to adopt it.

In summary, we hold that Plaintiff's charge with the OCRC pursuant to § 4112.-05 is not a bar to the second count of Plaintiff's complaint. Accordingly, Defendant's motion to dismiss count II of the complaint is hereby DENIED.

IT IS SO ORDERED.