787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MAHLON MCLAUGHLIN, Plaintiff-Appellant,
v.
EXCEL WIRE & CABLE, INC.; UNITED TECHNOLOGIES, INC.; AND
ESSEX GROUP, Defendants-Appellees.
 85-3258
 United States Court of Appeals, Sixth Circuit.
 3/24/86
 
 REVERSED AND REMANDED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiff-Appellant Mahlon McLaughlin appeals the district court's grant of summary judgment in favor of defendants-appellees Excel Wire & Cable, Inc., Essex Group, and United Technologies, Inc. (collectively referred to as 'Excel'), on his claims that his discharge violated both federal and state age discrimination laws. 29 U.S.C. Sec. 623(a) (1982); Ohio Rev. Code Ann. Sec. 4101.17 (Page 1980). McLaughlin contends that the district court erred in holding that his ADEA claim was barred by his failure to file a charge with the Equal Employment Opportunity Commission ('E.E.O.C.') within 300 days of his termination and that his filing of an E.E.O.C. charge barred his state discrimination claim. We hold that genuine issues of material fact exist concerning the timeliness of McLaughlin's E.E.O.C. filing and that the filing of an E.E.O.C. charge does not preclude subsequent state judicial relief.[1] Accordingly, we reverse and remand.
 
 
 2
 Viewing the evidence in a light most favorable to McLaughlin, Fed. R. Civ. P. 56(c); Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the following transpired. McLaughlin was discharged by Excel from his position as Plant Engineer on February 15, 1982. Although McLaughlin shortly thereafter told his psychologist that he felt his age (57 years) was the reason for his termination, he failed to pursue any administrative or judicial remedies at that time. In August or September, 1982, McLaughlin learned that he had been replaced by a younger man. McLaughlin then contacted the E.E.O.C. in October, 1982, inquired about filing an age discrimination charge, and completed an 'intake questionnaire.' Subsequently, McLaughlin made several visits and telephone calls to the E.E.O.C., each time expressing the desire to file a charge against Excel. He did not, however, file a formal charge until February or March, 1983. The E.E.O.C. informed McLaughlin in May, 1983, that his age discrimination charge had been referred to the Ohio Civil Rights Commission ('O.C.R.C.'). The O.C.R.C. took no action, and the E.E.O.C. informed McLaughlin of his 'right to sue' in September, 1983.
 
 
 3
 McLaughlin initiated this suit in January, 1984. Excel's motion for summary judgment was referred to a magistrate. The magistrate determined that the discriminatory act alleged by McLaughlin occurred at the time of his discharge on February 15, 1982, that the 300-day filing requirement was not tolled by any inequitable conduct by Excel which may have induced McLaughlin not to file a charge with the E.E.O.C., that the intake questionnaire was ineffective to constitute a charge with the E.E.O.C., that a charge was not filed until at least February 1983, and, consequently, that McLaughlin's ADEA claim was time-barred. The magistrate also recommended that McLaughlin's state law claim be dismissed, since the E.E.O.C. referral of McLaughlin's charge to the O.C.R.C. acted as an election of the administrative remedy under Ohio law that barred any state law judicial relief.[2] The district court adopted the magistrate's Report and Recommendation and granted summary judgment in favor of Excel. This appeal ensued.
 
 
 4
 McLaughlin first alleges that the district court erred in granting Excel's summary judgment motion on the ground that he had failed to file a charge with the E.E.O.C. within 300 days of the alleged discriminatory act, 29 U.S.C. Sec. 626(d) (1982). Specifically, McLaughlin contends that genuine issues of material fact exist as to whether the filing time was tolled either because of inequitable conduct on Excel's part which could have induced him to delay filing a charge or because he did not know that his discharge may have been discriminatory until sometime after his termination.[3]
 
 
 5
 A person alleging age discrimination must file a charge with the E.E.O.C. at least sixty days prior to bringing suit under the ADEA. Wright v. State of Tennessee, 628 F.2d 949, 953 (6th Cir. 1980) (en banc); 29 U.S.C. Sec. 626(d) (1982). Since Ohio is a deferral state, see 29 U.S.C. Sec. 633(d) (1982), a plaintiff has 300 days in which to file his E.E.O.C. charge. Sawchik v. E.I. Dupont DeNemours & Co., No. 84-3783, slip op. at 4 (6th Cir. Feb. 13, 1986); Perazzo v. Top Value Enterprises, Inc., 590 F. Supp. 428, 431 (S.D. Ohio 1984); 29 U.S.C. Sec. 626(d)(2) (1982). The 300-day filing period generally begins to run from the time of the alleged unlawful employment practice, Delaware State College v. Ricks, 449 U.S. 250, 259 (1980), but is 'subject to waiver, estoppel, and equitable tolling.' Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (footnote omitted); see Wright, 628 F.2d at 953.
 
 
 6
 Equitable tolling will occur if an employer has engaged in misleading or deceptive conduct which causes the employee to delay in filing a discrimination charge. Meyer v. Riegel Products Corp., 720 F.2d 303, 307-08 (3d Cir. 1983), cert. dismissed, 465 U.S. 1091 (1984); Fox v. Eaton Corp., 615 F.2d 716, 718 (6th Cir. 1980), cert. denied, 450 U.S. 935 (1981); Leake v. University of Cincinnati, 605 F.2d 255, 259 (6th Cir. 1979). The employer's conduct need not be "egregious acts of active deception," Meyer, 720 F.2d at 307, and equitable tolling is not automatically precluded upon finding that the employee entertained suspicions of discrimination, id. at 308. The district court held that the 300-day filing period began on February 15, 1982, the date McLaughlin was given notice and was terminated, and that Excel 'undertook no deliberate action to induce plaintiff to delay filing an age discrimination charge.' While we agree that the unlawful employment practice occurred on February 15, 1982, we find that there exist genuine issues of material fact which preclude summarily concluding that no employer misconduct occurred which could justify equitable tolling.
 
 
 7
 First, there is a fundamental dispute between the parties over the reasons Excel gave McLaughlin for his termination. McLaughlin alleges that no reason was given and that economic conditions were alluded to, while Excel maintains that although the economic downturn was mentioned at the termination meeting, McLaughlin was specifically informed he was being terminated for unsatisfactory work performance. In addition, Excel informed persons inquiring about McLaughlin after his discharge that he still worked for the company but was out of town. Finally, McLaughlin's name remained on his company parking space until October, 1982. In our view, these matters could have served to delay McLaughlin's filing with the E.E.O.C., either by inducing him to believe that he may have been re-hired or by hindering his learning of facts from which he could have concluded that his termination had been discriminatory. We hold, therefore, that material issues of fact exist on McLaughlin's assertion of equitable tolling due to employer misconduct.
 
 
 8
 McLaughlin also contends that the limitations period was tolled until he learned that he had been replaced by a younger person. The time period for filing a charge with the E.E.O.C. 'd[oes] not begin to run . . . until the facts that would support a charge of discrimination . . . were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.' Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 931 (5th Cir. 1975); Fox v. Eaton Corp., 689 F.2d 91, 93 (6th Cir. 1982) (per curiam). Since the district court did not consider this ground for equitable tolling, it is necessary to reverse and remand so that it may be determined when McLaughlin knew or should have known the facts that would have supported an age discrimination charge.
 
 
 9
 McLaughlin next argues that the district court erred in dismissing his state law claim alleging a violation of Ohio Rev. Code Ann. Sec. 4101.17 (Page 1980). In a deferral state such as Ohio, a person alleging age discrimination must commence a proceeding with the appropriate state administrative agency before bringing a suit in federal court under the ADEA, Oscar Mayer & Co. v. Evans, 441 U.S. 750, 753-55 (1979), although this can be accomplished by merely sending a written statement to the state agency, id. at 763; 29 U.S.C. Sec. 633(b)(1982), even if the time limit for bringing a state proceeding has expired. Oscar Mayer, 441 U.S. at 753, 764-65. In Ohio, three statutes provide remedies for age-based employment discrimination, with two of these providing for judicial relief, Ohio Rev. Code Ann. Secs. 4101.17(B), 4112.02(N) (Page 1980 & Supp. 1984), and one affording redress to the O.C.R.C., Ohio Rev. Code Ann. Sec. 4112.05 (Page Supp. 1984). Election of one of these remedies, however, precludes relief under the other two. Ohio Rev. Code Ann. Secs. 4101.17(B), 4112.02(N), 4112.08 (Page 1980 & Supp. 1984). The district court held that 'the plaintiff's choice of opting to file with the E.E.O.C. bars his claim for judicial relief in state court.' For several reasons, we disagree with this holding.
 
 
 10
 Initially, the district court's decision is unprecedented. Filing a charge with the E.E.O.C. simply cannot be equated with instituting an action with the O.C.R.C. See Mason v. Midwestern Fidelity Corp., 589 F. Supp. 751, 755 (S.D. Ohio 1984). Next, we find no support for the district court's holding in the Ohio statutes. Section 4112.05 and 4112.08 of the Ohio Revised Code clearly preclude the judicial remedies under state law only if a charge, in writing and under oath, is filed with the O.C.R.C. within six months of an alleged discriminatory practice. Finally, since a filing with the E.E.O.C. is a prerequisite to bringing a subsequent suit under the ADEA, adoption of the district court's holding would foreclose ever bringing an action alleging age discrimination violative of both the ADEA and Ohio law in federal court. Such a result would run contrary to the interrelated and complementary nature of federal and state employment discrimination procedures, see New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 65 (1980), and the established case law, e.g. Ackman v. Ohio Knife Co., 589 F. Supp. 768, 770 (S.D. Ohio 1984); Krenning v. Darling & Co., 572 F. Supp. 923, 924 (S.D. Ohio 1983); Merkel v. Scovill, Inc., 570 F. Supp. 133, 137 (S.D. Ohio 1983); Morris v. Kaiser Engineers, Inc., 14 Ohio St. 3d 45, 47, 471 N.E.2d 471, 474 (1984).
 
 
 11
 We remand this matter rather than decide if an E.E.O.C. referral to the O.C.R.C. bars a subsequent state law claim, however, to allow the district court to make a factual determination that may be dispositive of the issue. In Powell v. Ohio Civil Rights Commission, 51 Ohio App. 2d 197, 201, 367 N.E.2d 896, 898-99 (1976), the Franklin County Court of Appeals determined that the filing of a xerographic copy of a charge was insufficient to confer jurisdiction on the O.C.R.C. In our view, the Powell court was holding that only the filing of an original charge was sufficient to meet the requirement of filing a charge in accordance with Section 4112.05 of the Ohio Revised Code. Consequently, if the E.E.O.C. only referred a xerographic copy of McLaughlin's charge to the O.C.R.C., Section 4112.08 of the Ohio Revised Code would not bar McLaughlin's subsequent filing of an action under Section 4101.17. Ohio Rev. Code Ann. Sec. 4112.08 (Page 1982) ('. . . any person filing a charge under Section 4112.05 . . . is . . . barred from instituting a civil action under Section 4101.17 . . .') (emphasis added).
 
 
 12
 In light of the foregoing, we reverse the district court's grant of summary judgment and remand for proceedings not inconsistent with this opinion.
 
 
 
 [1]
 Our disposition of these matters makes it unnecessary for us to consider McLaughlin's additional claim that the district court erred in not making a de novo review of a magistrate's Report and Recommendation
 
 
 [2]
 The magistrate also concluded that the district court lacked jurisdiction to hear McLaughlin's pendant state claim if the federal claim was dismissed. Due to our holding that the ADEA claim was improperly dismissed, this ground for dismissing the pendant state claim is extinguished and will not be considered further
 
 
 [3]
 McLaughlin also contends that the district court erred in determining that the intake questionnaire lacked the minimal specificity requisite to be a charge under 29 U.S.C. Sec. 626(d) (1982). Due to our disposition of this case, the district court on remand may find the 300-day filing period equitably tolled, hence making irrelevant the determination that the intake form did not constitute a charge. Consequently, we express no opinion on this matter at this time