**Allen L. BAKER, Plaintiff,**

v.

**SIEMENS ENERGY & AUTOMATION, INC., Defendant.**

No. C–1–91–306.

United States District Court, S.D. Ohio, W.D.

April 12, 1993.

Marc David Mezibov, Matthew Brownfield, Sirkin, Pinales, Mezibov & Schwartz, Cincinnati, OH, for plaintiff.

Robert Jennings Townsend, Taft, Stettinius & Hollister, Cincinnati, OH, for defendant.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

SPIEGEL, District Judge.

The issue before the Court is whether this age discrimination case should be dismissed. We have dealt with this issue in a separate Order so that the parties had a complete ruling on the Defendant's Motion for Summary Judgment (doc. 27).

Defendant Siemens claims that this case should be dismissed because Mr. Baker did not wait the requisite time to bring suit after filing a charge with the Equal Employment Opportunity Commission ("EEOC"). For the reasons set forth in this Order, we agree.

On May 8, 1991, Mr. Baker filed a complaint with the EEOC alleging that Siemens demoted him in November 1990 due to his age. On May 10, 1991, Mr. Baker filed his Complaint with this Court. Siemens contends that since Mr. Baker did not wait sixty days to bring this lawsuit after filing with the EEOC, this Court does not have jurisdiction over his Age Discrimination Employment Act ("ADEA") claim. *See* 29 U.S.C. § 626(d) (1992); *Chapman v. City of Detroit,* 808 F.2d 459, 460–62 (6th Cir.1986).

The purpose of the sixty day requirement is to notify the EEOC of the dispute, and to give that body an opportunity to attempt a conciliation before a court action is commenced. *Chapman,* 808 F.2d at 462. Mr. Baker filed this lawsuit on May 10, 1991 in order to meet the 180–day time limit imposed by Ohio law for causes of action arising under Ohio Rev.Code § 4112.02(N) and § 4112.99. On June 18, 1991, the EEOC informed Mr. Baker that the agency had terminated the processing of his charge in accordance with its own policy of closing a file once a lawsuit has been commenced raising claims under the ADEA.

Mr. Baker argues that this Court should ignore the sixty day rule for equitable rea-

sons. Mr. Baker states that he anticipated that the EEOC would initiate an investigation of his charge despite the fact that he had filed this lawsuit. Mr. Baker contends that where there has been substantial, but not complete technical compliance with the sixty day requirement, and the defendant has not been prejudiced, a lawsuit should not be dismissed. *See e.g., Holenka v. Gold Circle,* 35 Fair Empl.Prac.Case 621 (N.D.Ohio 1983); *aff'd,* 745 F.2d 56 (6th Cir.1984). Mr. Baker concludes by arguing that any jurisdictional defects in his case have now been "cured," as Siemens has defended this lawsuit vigorously.

■ Mr. Baker misses the point. Subject matter jurisdiction cannot be "cured." If this Court does not have jurisdiction, it does not have the power to preside over this case. *See Hoffman v. Blaski,* 363 U.S. 335, 348, 80 S.Ct. 1084, 1092, 4 L.Ed.2d 1254 (1960). As Judge Boyce Martin, Jr. of the United States Court of Appeals of the Sixth Circuit noted, without jurisdiction a judge is nothing but a guy or gal in a black robe.

The Sixth Circuit has given guidance about how to handle the problem now before this Court:

This court has held that the 60-day requirement is jurisdictional.... However, if this [failure to comply with the 60-day rule] were the only basis for dismissing the action, we would be compelled to vacate the judgment dismissing the ADEA claim with prejudice and remand with **directions to dismiss it without prejudice.** The purpose of the 60-day requirement is to notify the EEOC of the claim and give the Commission an opportunity to attempt conciliation before a court action is commenced. A party whose action is dismissed for failure to satisfy this requirement could promptly give notice by filing a charge with the EEOC, and if conciliation is not successful, 60 days thereafter commence a new action. If the new action should be commenced more than 180 (or 300) days after the occurrence of the alleged unlawful practice, then the plaintiff would be required to plead and prove the existence of equitable grounds for tolling that filing requirement.

*Chapman,* 808 F.2d at 462 (citations omitted) (emphasis added); *accord Vance v. Whirlpool Corp.,* 707 F.2d 483, 489 (4th Cir.1983) (when the 60-day rule is not met "dismissal of the action with leave to refile is the appropriate remedy under the peculiar facts of this case").[1]

■ Therefore, Mr. Baker's lawsuit is dismissed in order for Mr. Baker to refile his charge with the EEOC and to request that the EEOC reopen its file. Mr. Baker has until May 20, 1993 to refile his charge with the EEOC. If the EEOC refuses to reopen the case or if the EEOC's conciliation program is not successful, then Mr. Baker has leave to refile this matter without prejudice.

Accordingly, the case now before this Court is dismissed without prejudice. If Mr. Baker's lawsuit is refiled in this Court, then the parties shall contact this Court immediately to schedule a status conference.

SO ORDERED.

---

1. Furthermore, this Court considered a similar case in *Mason v. Midwestern Fidelity Corp.,* 589 F.Supp. 751 (S.D.Ohio 1984) (Spiegel, J.). In that case, this Court initially dismissed the plaintiff's ADEA complaint because it was filed less than sixty days after the plaintiff filed his EEOC charge. The plaintiff advised the EEOC of the dismissal and requested that the EEOC reopen its file. The EEOC refused to do so, and the plaintiff refiled his complaint with the Court less than sixty days from the date his original complaint had been dismissed. In that situation, this Court held that the sixty day rule had been satisfied and overruled the defendant's second motion to dismiss. *Id.*