Allen L. BAKER, Plaintiff,

v.

SIEMENS ENERGY & AUTOMATION, INC., Defendant.

No. C–1–93–261.

United States District Court, S.D. Ohio, Western Division.

Nov. 10, 1993.

Matthew Brownfield, Marc D. Mezibov, Sirkin, Pinales, Mezibov & Schwartz, Cincinnati, OH, for plaintiff.

Robert Jennings Townsend, Taft, Stettinius & Hollister, Cincinnati, OH, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK SUBJECT MATTER JURISDICTION

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgment to Dismiss for Lack of Jurisdiction (doc. 5), Plaintiff's Memorandum in Opposition (doc. 8), and Defendant's Reply Memorandum (doc. 9). For the following reasons, the Defendant's motion is denied.

## BACKGROUND

The Plaintiff, Allen L. Baker ("Baker"), brings this action seeking equitable relief and damages charging the Defendant, Siemens Energy & Automation, Inc. ("Siemens"), with age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and with pendant state claims under Ohio Revised Code §§ 4112.02(N) and 4112.99. We have previously had occasion to consider some of the matters now before the Court. In *Baker v. Siemens Energy & Automation, Inc.,* 820 F.Supp. 1058 (S.D.Ohio 1993) (*"Baker II"*), we held that Baker's failure to wait the required sixty days after filing his complaint with the United States Equal Employment Opportunity Commission ("EEOC") required dismissal. However, that order allowed Baker "leave to refile this matter without prejudice." *Id.* at 1059. In a companion order, *Baker v. Siemens Energy & Automation, Inc.,* 820 F.Supp. 1050 (S.D.Ohio 1993) (*"Baker I"*), we denied a motion for summary judgment similar to the motion now before us. Due to the complexity of the law in this area, we will respond anew to the issues raised by the Defendant's motion.

The facts upon which the Plaintiff bases his claims were presented in detail in our previous order. *See Id.* at 1051–53. For our present purposes a summary will suffice. Mr. Baker was born in 1937 and was fifty three at the time of the events upon which he bases his complaint. He has worked for Siemens and its predecessor Allis–Chalmers since 1956. In 1973 he worked his way up to the salaried position of foreman. During his eighteen years as a supervisor he received superior performance reviews. As of August, 1990, Mr. Baker had the highest performance review score of the ten supervisors in the mechanical production area.

On November 19, 1990, Siemens' management demoted Mr. Baker to a lower-paying, hourly job. At the time of his demotion, Mr. Baker was the oldest, most senior and highest paid supervisor in his area of the plant. Soon after Mr. Baker's demotion, Siemens began a drastic reduction in the work force at the Norwood plant. Over two dozen salaried positions were eliminated and in all over one hundred employees were laid off.

Baker first filed a complaint with the EEOC on May 8, 1991. Two days later he

filed suit in this Court. On May 17, 1991 he filed a letter with the Ohio Civil Rights Commission ("OCRC") stating the facts upon which his claim was based. In response to the Defendant's motion for summary judgment in the preceding case, we held that Mr. Baker had established a *prima facie* claim for age discrimination. *Baker v. Siemens Energy & Automation, Inc.*, 820 F.Supp. 1050 (S.D.Ohio 1993); *see Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69 (6th Cir.1982). However, as noted above, on April 12, 1993, we dismissed Mr. Baker's suit because he had failed to wait the required 60 days between EEOC filing and filing in federal district court.

On April 15, 1993, Mr. Baker and his attorney appeared before the EEOC and tendered a letter explaining our order of dismissal. He also requested that his previously filed charge be reopened, since the EEOC had closed it when the first suit was filed. In response the EEOC sent him a letter informing him that the request that his charge be reopened was denied. Thereupon, Baker refiled this suit against Siemens.

## STANDARD OF REVIEW

It is axiomatic that a defense of lack of subject matter jurisdiction under Rule 12(b)(1) can be raised at any time.[1] *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 at 200 (2d ed. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R.Civ.P. 12(h)(3); *Billingsley v. Commissioner*, 868 F.2d 1081, 1085 (9th Cir.1989). A Rule 12(b)(1) motion suggesting lack of subject matter jurisdiction can attack the substance of the complaint's jurisdictional allegations even though they are formally suffi-

cient. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied* 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989). In reviewing a motion to dismiss for subject matter jurisdiction, the court may rely on affidavits or any other evidence properly before the court. *Id.* In fact the court has wide latitude to collect evidence in order to determine an issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 918 (6th Cir.1986). Where a court considers factual issues it must do so in a manner that is fair to the non-moving party. *Id.* However unlike a Rule 12(b)(6) motion, whenever subject matter jurisdiction is the issue, the court is empowered to resolve factual disputes if necessary. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir.1990).

## ANALYSIS

Siemens contends in its memorandum that this Court should dismiss the Complaint for lack of subject matter jurisdiction. Siemens bases it's motion on three arguments which we will consider in this order. First, the Defendant claims that the Court lacks jurisdiction because the Plaintiff failed to file a "cognizable" charge with the OCRC before filing suit in federal court. Second, the Defendant maintains that if the Plaintiff did file such a charge with the OCRC, then Ohio's election of remedies scheme precludes the Plaintiff from appending any state age discrimination claims to his claims under ADEA. Finally, the Defendant argues that the Plaintiff did not comply with the Court's order in the process of reinstating his claim with the EEOC. We have had an opportunity to address some of these issues in *Baker v. Siemens Energy & Automation, Inc.*, 820 F.Supp. 1050 (S.D.Ohio 1993), while others

---

1. The Defendant characterizes its motion as a Motion for Summary Judgment to Dismiss All Counts of Plaintiff's Complaint For Lack of Jurisdiction. There is a significant difference between a motion to dismiss for lack of subject matter jurisdiction and a motion for summary judgment. Wright & Miller explain the importance of the distinction in this way:

> [A] Rule 56 motion for summary judgment [is an] inappropriate method[] for challenging the court's subject matter jurisdiction. Inasmuch

as [it is] designed to go to the merits of the action and the Rule 12(b)(1) motion involves a matter in abatement.... A more fruitful approach would be to treat the motion for summary judgment as a "suggestion" of lack of subject matter jurisdiction....

5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 at 209 (2d ed. 1990) (footnotes omitted). Therefore, we will consider the Defendant's motion as a motion to dismiss under Rule 12(b)(1).

have been raised here for the first time. The interface between the federal and Ohio state procedures for filing an age discrimination charge is a minefield for the unwary litigant. Therefore, in order to understand Siemens' arguments we must put them in context.

There can be no question that the Plaintiff was required to make a filing with the OCRC before filing the action now before the Court. In "deferral" states, that is, states which have an administrative procedure for resolving age discrimination complaints, the ADEA specifically requires a plaintiff to first commence a state administrative action before filing a complaint in district court. 29 U.S.C. § 633, *see also Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). Ohio is a deferral state, and so, Baker was required to make a filing with the OCRC before commencing suit in federal court.

■ The intent of Congress in requiring a filing with a state civil rights agency under 29 U.S.C. § 633, was to allow the state agency to have some opportunity to resolve age discrimination disputes prior to the commencement of a federal suit. In *Oscar Mayer* the Supreme Court stated that Congress intended

> to screen from the federal courts those problems of civil rights that could be settled to the satisfaction of the grievant in "a voluntary and localized manner." . . .
> The section is intended to give state agencies a limited opportunity to resolve problems of employment discrimination and thereby to make unnecessary resort to federal relief by victims of discrimination.

*Oscar Mayer,* 441 U.S. at 755–56, 99 S.Ct. at 2071 (citations omitted). While it was the intent of Congress to encourage the resolution of age discrimination disputes on the state level through recourse to state administrative remedies, it is equally clear that Congress intended to make the remedies of the ADEA complementary and supplementary to state administrative remedies, and not mutually exclusive. *Oscar Mayer,* 441 U.S. at 764, 99 S.Ct. at 2075–76. In fact, the holding in *Oscar Mayer* was that a filing of a state administrative complaint after the state statute of limitations for that filing had run, did

not prevent an age discrimination plaintiff from proceeding with a claim under the ADEA, even though the filing had therefore become merely perfunctory. *Id.*

■ Congress was concerned that age discrimination claimants would suffer from narrowly constructed state requirements or even worse "sham discrimination ordinances for the purpose of frustrating the vindication of federal rights." *Id.* at 763, 99 S.Ct. at 2075. Therefore, once a claimant has filed a written complaint with a state administrative body, he or she need only wait sixty days before bringing suit in federal court, even if the filing is merely formal and ineffective for state administrative purposes. *See* 29 U.S.C. § 633(b); *Oscar Mayer,* 441 U.S. at 762, 99 S.Ct. at 2074 ("Individuals should not be penalized if States decline, for whatever reason, to take advantage of these opportunities.")

In direct contrast to federal age discrimination law, where an attempt to resolve the dispute administratively is encouraged *before* suit in federal district court, some Ohio age discrimination statutes require an election between administrative remedies and direct legal action in court. Ohio has a unique statutory scheme for addressing alleged discrimination based on age. Ohio Revised Code § 4101.17 is directed toward discrimination against a job applicant and against wrongful dismissal based upon age and allows the plaintiff to institute a civil action in any court of competent jurisdiction. Ohio Revised Code § 4112.02(N) is a more inclusive discrimination statute and provides a private cause of action for age discrimination. Ohio Revised Code § 4112.05 allows for the rights created under Section 4112.02(N) to be enforced administratively rather than judicially by filing a charge with the Ohio Civil Rights Commission. Ohio Revised Code § 4112.99 provides that victims of discrimination in violation of chapter 4112 may bring a civil action for damages, injunctive relief, or any other appropriate relief.

Remedies provided by sections 4101.17, 4112.02(N) and 4112.05 of the Ohio Revised Code are by their own language mutually

exclusive.[2] Therefore, to begin to proceed under any one of these Ohio statutes automatically creates an election of remedies. In particular, to elect to pursue an administrative remedy under section 4112.05 forecloses judicial remedies under sections 4101.17 and 4112.02(N). This places the age discrimination claimant who wishes to file in federal court with complementary pendant claims under these Ohio statutes in a quandary. Federal law requires that in order to have a judicial remedy in the district courts, he or she must first file with the OCRC under section 4112.05. This filing, the Defendant argues, should make it impossible for the Plaintiff to pursue pendant state claims under section 4101.17 or 4112.02(N). The practical effect of following this argument would be to force the age discrimination claimant to elect between state and federal judicial remedies. However, the Court finds this interpretation to be at odds with its view that the interrelated enforcement scheme mandated by federal employment law evinces a Congressional intent to create federal remedies which are complementary and supplemental to available state remedies for employment discrimination. *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 64, 100 S.Ct. 2024, 2031, 64 L.Ed.2d 723 (1980); *McLaughlin v. Excell Wire & Cable,* 787 F.2d 591 (6th Cir.) unpublished opinion available on WESTLAW, 1986 WL 16659 at *3 (March 24, 1986).

Established Ohio case law provides a roadmap for traversing this procedural minefield. In *Morris v. Kaiser Engineers, Inc.,* the plaintiff first filed suit asserting a claim under Ohio Revised Code § 4101.17. *Morris v. Kaiser Engineers, Inc.,* 14 Ohio St.3d 45, 46, 471 N.E.2d 471 (1984). Subsequent to filing his lawsuit, the plaintiff filed a charge with

the Ohio Civil Rights Commission in order to comply with ADEA. *Id.* The defendant in *Morris* raised the same objections as Siemens does in the instant case, claiming that the filing with the OCRC involved an election of remedies barring the state judicial claims. *Id.* Citing *Oscar Mayer,* the Ohio Supreme Court held that the ADEA only requires that a plaintiff commence state administrative proceedings, not that the state administrative proceedings be commenced within the time allotted by state law. *Id.* The Ohio court then squarely decided the issue.

From this, it is clear that the goal of the court in *Oscar Mayer* was to preserve the ADEA action and protect it from failure on the basis of state law. Any other result would essentially prevent Ohio plaintiffs from joining claims under the ADEA with either of the judicial remedies provided by the Revised Code. *Krenning v. Darling & Co.,* (S.D.Ohio 1983), 572 F.Supp. 923, 924. Therefore, this court holds that a claimant who has previously filed an age discrimination action under R.C. 4101.17 is not barred from filing a claim with the OCRC pursuant to R.C. 4112.05 in order to satisfy the mandatory prerequisite to an action under the ADEA.

*Id.* at 47, 471 N.E.2d 471.

As the citation indicates, the procedure affirmed by the Supreme Court in *Morris,* was first adopted in *Krenning v. Darling & Co.,* 572 F.Supp. 923 (S.D.Ohio 1983) (Rubin, C.J.) (allowing the filing of both federal and state claims in federal court and then filing a charge with the Ohio Civil Rights Commission). This approach has been consistently followed in federal courts. *See Merkel v. Scovill, Inc.,* 570 F.Supp. 133, 137 (S.D.Ohio 1983), *rev'd on other grounds,* 787 F.2d 174 (6th Cir.), *cert. denied,* 479 U.S. 990, 107

2. Section 4101.17 provides in pertinent part, any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio Civil Rights Commission under section 4112.08 of the Revised Code. Section 4112.02(N), in virtually identical language, states that a person who files a civil action under this division is, with respect to the practices complained of,

thereby barred from instituting a civil action under section 4101.17 of the Revised Code or from filing a charge with the Ohio Civil Rights Commission under section 4112.05 of the Revised Code. Finally, Section 4112.05 states in pertinent part any person filing a charge under section 4112.05 of the Revised Code is, with respect to the practices complained of, thereby barred from instituting a civil action under 4101.17 or division (N) of section 4112.02 of the Revised Code.

S.Ct. 585, 93 L.Ed.2d 587 (1986) (Spiegel J.) (holding that the *Krenning* procedure applied equally well to Ohio Revised Code § 4112.02(N)); *Keister v. Delco Products,* 680 F.Supp. 281 (S.D.Ohio 1987) (Rice, J.) (same as *Darling*).

Mr. Baker has followed precisely the steps set out by the Ohio Supreme Court and by this Court's previous opinions. He first filed his federal lawsuit alleging age discrimination claims under both federal and state law and then presented his written statement of claims to the OCRC. Therefore, he may pursue his state law claims in this federal action.

### A. Siemens' Argument That Baker Has Not Filed a "Cognizable" Charge With OCRC

◼ Siemens acknowledges the Courts' prior rulings in this regard but respectfully disputes the Courts' reasoning, arguing that these cases rely on an erroneous reading of *Oscar Mayer.* Baker's filing with the OCRC consisted of a signed letter. Siemens argues that this letter is not sufficient to comply with the requirements for a filing with the OCRC because the letter he sent was not a charge made under oath. Chapter 4112 of the Ohio Revised Code clearly requires that a charge be made under oath.[3] Ohio Rev. Code 4112.05(B), *see Powell v. Ohio Civil Rights Commission,* 51 Ohio App.2d 197, 367 N.E.2d 896 (Franklin App.1976). Therefore, Siemens contends, the Plaintiff has never filed a charge "cognizable" under Ohio law.

Siemens correctly argues that the intent of Congress in requiring a filing with a state civil rights agency under 29 U.S.C. § 633 was to allow the state agency to have some opportunity to resolve age discrimination disputes prior to the commencement of a feder-

al suit and thereby to avoid unnecessary resort to federal relief by victims of discrimination. *Oscar Mayer,* 441 U.S. at 755–56, 99 S.Ct. at 2071–72. Because Mr. Baker's letter was not made under oath, it could not have been the basis for an action by the OCRC. *See Powell v. Ohio Civil Rights Commission,* 51 Ohio App.2d 197, 201, 367 N.E.2d 896 (Franklin App.1976) ("only the original charge in writing and under oath meets the requirements"). Since Mr. Baker's unsworn letter did not technically qualify as a cognizable charge upon which the OCRC could take action, Siemens argues, the letter could not give the OCRC even "a limited opportunity to resolve" Mr. Baker's charge. The Defendant laments that the effect of our holdings in *Ackman v. Ohio Knife Co.,* 589 F.Supp. 768 (S.D.Ohio 1984) and *Merkel v. Scovill, Inc.,* 570 F.Supp. 133, 138 (S.D.Ohio 1983) is a scheme whereby "any competently advised plaintiff may deliberately evade any and all responsibility to give the state administrative agency some opportunity to resolve his or her age discrimination claim." Thus, the Defendant concludes, it would subvert the intention of Congress in creating the Age Discrimination in Employment Act to allow Mr. Baker to bring his complaint in federal court on the basis of his unsworn letter to the OCRC.

We find the Defendant's insistence upon the filing of a "cognizable charge" to be inconsistent with the plain language of section 633 of the ADEA[4] and the holding of the Supreme Court of the United States in *Oscar Mayer.* The statute articulates a standard for "commencement" for purposes of suit under the ADEA based on "a written and signed statement of the facts" and nothing more. Therefore, the fact that Mr. Baker's letter could not, because of Ohio law, be

---

**3.** Section 4112.05(B) of the Ohio Revised Code requires in pertinent part:

> Any person may file a charge with the commission alleging that another person has engaged or is engaging in unlawful discriminatory practices. The charge shall be in writing and *under oath,* and shall be filed with the commission within six months after the alleged unlawful discriminatory practices are committed.

Ohio Rev.Code § 4112.05(B) (emphasis supplied).

**4.** The statute states:

> If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of *a written and signed statement of the facts* upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

29 U.S.C. § 633(b) (emphasis supplied).

pursued by the OCRC does not cause it to be ineffective for purposes of fulfilling the requirements for suit in federal court under the Age Discrimination in Employment Act. The Defendant's insistence that the ADEA requires a charge "cognizable" by the OCRC cannot be supported. The Defendant asserts that the perfunctory filing of a letter with the OCRC controverts Congress's intent to allow age discrimination disputes to be locally resolved. We agree but we recognize that this result is mandated by Ohio law, which clearly requires an election between judicial and administrative remedies although federal law requires no such election. *See Oscar Mayer,* 441 U.S. at 764, 99 S.Ct. at 2075–76.

### B. Siemens' Claim That Baker's Filing Creates an Election of Remedies

■ Defendant next argues that if we accept Baker's letter, filed with the OCRC on May 17, 1991 to be an administrative charge, then it must also constitute an election of remedies under Ohio law. The Defendant's argument adds a new twist to the argument addressed above. This is because of the dismissal and refiling of Baker's lawsuit. The Defendant acknowledges that the Court previously decided that Baker's filing of his federal lawsuit and subsequent filing of a letter with the OCRC would be effective as an election to pursue State judicial remedies in federal court. *See Baker I,* 820 F.Supp. at 1057. However, the Defendant argues that our dismissal of that case wipes out Baker's original filing in federal court on May 10, 1991. Therefore, Siemens contends, Baker's original filing with the OCRC on May 17, 1991, which of course is prior to his refiling this case in federal court on April 22, 1993, functions as an election of administrative remedies, precluding Baker from appending state claims under Ohio Revised Code §§ 4112.02(N) or 4112.99 when he refiled this Complaint.

Ohio law requires an age discrimination claimant to elect between administrative and judicial state remedies. Where a plaintiff has clearly elected to proceed administratively before the OCRC, we have held that state judicial remedies were unavailable in a subsequent suit in federal court. *Merkel v. Scovill, Inc.,* 570 F.Supp. 133, 138 (S.D.Ohio 1983). However, the facts of this case require us to focus carefully on the age claimant's filing with the OCRC.

First, we believe that Mr. Baker clearly intended to elect judicial remedies in his first filing with this Court. *See Baker I,* 820 F.Supp. at 1057. He did file an age discrimination lawsuit on May 10, 1991, a week before he filed his written charge with the OCRC. This in itself is sufficient under *Morris* to allow him to pursue state judicial claim in federal court. *See Morris v. Kaiser Engineers, Inc.,* 14 Ohio St.3d 45, 46, 471 N.E.2d 471 (1984).

We welcome, however, the opportunity that Defendant's motion presents us to simplify this overly complicated area. We find wisdom in Judge Rice's holding in *Pitts v. Dayton Power & Light Co.* In that case the plaintiff filed a complaint with the EEOC, which referred the plaintiff's charge to the OCRC. The OCRC received the charge *before* the plaintiff had filed his lawsuit in federal court. *Pitts v. Dayton Power & Light Co.,* 748 F.Supp. 527, 530 (S.D.Ohio 1989). Judge Rice held that when a plaintiff files with the OCRC solely to fulfill the requirement of 29 U.S.C. 633(b), either *before* or *after* filing suit in federal court, he should not be denied the right to append state claims under Ohio Revised Code Sections 4101.17 or 4112.02(N). *Id.* The court relied upon *Morris* and *Lafferty v. Coopers & Lybrand,* 841 F.2d 1126 (6th Cir.), unpublished opinion available on WESTLAW, 1988 WL 19182, and LEXIS, 1988 LEXIS, 1988 U.S.App. LEXIS 2966 (March 8, 1988) (holding that the Ohio legislature did not intend *pro forma* filing with the OCRC to bar federal court pendant jurisdiction of claims under section 4101.17). Judge Rice held that to deny pendant state claims in federal court solely based upon whether the plaintiff filed his/her state judicial claim first or second "to be absurd." *Pitts,* 748 F.Supp. at 530. Thus,

the Court conclude[d] that if faced with the issue before this court, the Ohio Supreme Court would conclude that a claimant who has previously filed a claim with the OCRC for purposes of meeting the requirements of the ADEA, is *not* precluded from filing

an age discrimination action under Ohio Rev.Code § 4101.17.

*Id.* Although Ohio requires an age discrimination claimant to elect between various state remedies, no such election between Ohio and federal judicial remedies is required. *See Mclaughlin v. Excell Wire & Cable,* 787 F.2d 591 (6th Cir.) unpublished opinion available on WESTLAW, 1986 WL 16659 at *3 (March 24, 1986), *Carr v. French Oil Mill Machinery Co.,* 746 F.Supp. 700, 704 (S.D.Ohio 1989). Therefore, Baker's *pro forma* filing with the OCRC in accordance with ADEA does not result in an election to reject Ohio judicial remedies under section 4112.-02(N), whether the OCRC filing comes before or after the filing of his federal lawsuit.

Baker has brought Ohio claims under Ohio Revised Code § 4112.99 as well as under § 4112.02(N). Siemens makes the same election of remedies argument in respect to Ohio Revised Code § 4112.99 as it makes for § 4112.02(N). Therefore, our holding, that Baker's OCRC filing did not create an election to forego Ohio judicial remedies, applies equally well to the Defendant's section 4112.99 arguments.[5]

Accordingly, we hold that an age discrimination claimant who has previously filed a charge with the OCRC for the sole purpose of fulfilling the requirements of the section 633(a) of ADEA, is not precluded from filing an age discrimination action under Ohio Revised Code §§ 4112.02(N) and 4112.99.

### C. Siemens' Claims That Baker's EEOC Filing Was Inadequate

In the previous filing of this case, we held that Baker had not waited the requisite 60 days after filing with the EEOC, before filing his district court action. *Baker v. Siemens Energy & Automation, Inc.,* 820 F.Supp. 1058, 1059 (S.D.Ohio 1993). The Court dismissed Baker's claim without prejudice, in order that Baker might be able "to refile his

charge with the EEOC and to request that the EEOC reopen its file." *Id.* We dismissed the case in order to give the EEOC an opportunity to attempt conciliation. *See Chapman v. City of Detroit,* 808 F.2d 459, 462 (6th Cir.1986). In that dismissal order we stated that "[i]f the EEOC refuses to reopen the case or if the EEOC's conciliation program is not successful, then Mr. Baker has leave to refile this matter without prejudice." *Baker I,* 820 F.Supp. at 1059.

The documents attached to the Plaintiff's memorandum indicate that the Plaintiff has followed the steps outlined by our order of dismissal. Mr. Baker requested both in person and in writing that the EEOC reopen his charge. Mr. Earl Haley, the Director of the Cincinnati Office of the EEOC formally denied the Plaintiff's request in a letter dated April 19, 1993. Therefore, Mr. Baker's filing of this lawsuit is in compliance with our previous order and is now properly before the Court.

### CONCLUSION

We hold that an age discrimination plaintiff who files with the Ohio Civil Rights Commission, with no intention of pursuing his or her state administrative remedies, but for the sole purpose of fulfilling the requirements of the federal Age Discrimination in Employment Act, 29 U.S.C. 633(a), may elect to pursue state judicial remedies in federal court. Therefore, Mr. Baker's is entitled to append claims under Ohio Revised Code §§ 4112.02(N) and 4112.99 to his claims under federal law. Further, we hold that Baker's unsuccessful attempts to reopen his charge before the United States Equal Employment Opportunity Commission complies with our previous order of dismissal, which set forth the requirements for refiling his action in this Court.

---

5. The Defendant cites several cases in which Ohio appellate courts have held that Ohio Revised Code § 4112.99 does not alter the election of remedies scheme found in Ohio Revised Code §§ 4101.17, 4112.02 and 4112.05. This Court has held differently. *See Pater v. Health Care and Retirement Corp.,* 808 F.Supp. 573 (S.D.Ohio 1992). In *Pater* we held that Ohio Revised Code § 4112.99 does not require an election of reme-

dies as do the other age discrimination statutes in the Ohio code. However, in light of our analysis that Baker has properly elected to pursue judicial remedies, we need not rely on *Pater.* None of the cases cited by Siemens stands for a requirement of an election of remedies between Ohio Revised Code §§ 4112.02(N) and 4112.99. Furthermore, Siemens does not argue this point. Therefore, we need not consider these cases.

· Accordingly, the Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

SO ORDERED.