OPINION
{¶ 1} Plaintiff Kenneth Huff appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of Ceremicos, Inc. on appellant's complaint alleging, inter alia, age discrimination. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR {¶ 2} I. SINCE DEFENDANTS-APPELLEES FAILED TO SUSTAIN THEIR INITIAL BURDEN UNDER CIVIL RULE 56, SUMMARY JUDGMENT SHOULD HAVE BEEN DENIED.
 {¶ 3} II. SUMMARY JUDGMENT WAS ERRONEOUSLY GRANTED AS PLAINTIFF-APPELLANT RIGHTFULLY COULD PROSECUTE A CLAIM FOR ALLEGED AGE DISCRIMINATION IN EMPLOYMENT.
{¶ 4} Appellant states the underlying facts and circumstances are not in dispute, but the appeal challenges the trial court's decision as a matter of law.
{¶ 5} The record indicates on December 30, 1998, Ceremico terminated appellant's employment. Appellant was 51 years old. On April 7, 1999, appellant filed a charge affidavit with the Ohio Civil Rights Commission, alleging age discrimination. OCRC entered a no probable cause finding on December 16, 1999. In response to appellant's motion, OCRC reconsidered its finding, but again on February 17, 2000, it found no probable cause to support appellant's claim.
{¶ 6} On June 27, 2000, appellant filed a complaint in U.S. District Court. On August 1, 2000, appellant dismissed this without prejudice, and on March 21, 2001, appellant filed this action in Stark County Common Pleas Court.
 I II
{¶ 7} Because appellant concedes there are no issues of disputed fact, we will address assignments of error I and II together for purposes of clarity. The trial court found appellant could not prevail on his claim for age discrimination for two reasons, either of which taken alone would be sufficient to bar appellant's action. The court found first of all the election of remedies doctrine applies to appellant's case, and secondly, appellant did not file his complaint timely as provided under the applicable statute of limitation. We will address each of these in turn.
 ELECTION OF REMEDIES
{¶ 8} R.C. 4112.02(N) provides any person who is discriminated against may bring a cause of action pursuant to this section, but that person is barred from bringing an action pursuant to R.C. 4112.14, or filing a complaint with the Ohio Civil Rights Commission under R.C.4112.05. The trial court correctly cited Talbott v. Anthem Blue Crossand Blue Shield (2001), 147 F. Supp.2d 860, wherein the United States District Court for the Southern District of Ohio, Eastern Division, found although R.C. 4112.99 is not expressly exclusive, the other statutes which provide protection against age discrimination preclude recourse to any of the others.
{¶ 9} Appellant argues under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621, an applicant must first file a charge with either the State Civil Rights Commission or Equal Employment Opportunity Commission. Appellant argues when he filed his Ohio Civil Rights Commission complaint, he did so only for the purpose of preserving his federal remedies. Appellant cites Baker v. Seimans Energy andAutomation, Inc. (S.D.Ohio, 1993), 838 F. Supp. 1227. In Baker, the court held an age discrimination claimant who has previously filed a charge with the Ohio Civil Rights Commission for the sole purpose of fulfilling the requirement of the Federal Age Discrimination Act, is not precluded from filing an age discrimination action under state statutes.
{¶ 10} The trial court distinguished between Baker and the instant case, finding there was no evidence that appellant filed with OCRC solely to preserve the federal cause of action. The trial court found although appellant and his counsel submitted affidavits to this effect, OCRC conducted a full investigation and then reconsidered its finding of no probable cause upon appellant's motion. Thereafter, appellant filed the complaint in federal court alleging age discrimination in violation of R.C. 4112.99, but voluntarily dismissed the complaint without prejudice later. The trial court found if a party files a charge with EEOC or OCRC in order to perfect their ADEA claims, then that person must either file the court action first or else expressly acknowledge in the complaint to the Commission that no investigation is requested because the charge is being filed to perfect rights under federal law.
{¶ 11} The trial court found appellant did not state in his filing with OCRC that he was only filing to perfect his federal rights, nor did he request no investigation be made. Instead, the commission conducted a full investigation.
{¶ 12} The trial court found appellant was barred from pursuing a state age claim because he elected the statutory administrative remedy under R.C. 4112.05.
{¶ 13} We find no error.
 STATUTE OF LIMITATIONS
{¶ 14} In Oker v. Ameritech Corp. 89 Ohio St.3d 223,2000-Ohio-139, the Ohio Supreme Court held the statute of limitations for age discrimination is 180 days beginning to run on the date of the employee's termination from his employment.
{¶ 15} Appellant argues he can re-file his claim in state court after he has voluntarily dismissed his federal age claim, pursuant to Civ.R. 41 and the Ohio Saving statute. Appellant argues because his federal claim was filed within the federal procedural time, he may re-file it in state court.
{¶ 16} Appellee refers us to Reese v. Ohio State UniversityHospitals (1983), 6 Ohio St.3d 162. In Reese, the Ohio Supreme Court found where an action is commenced within the time prescribed by statute, and dismissed without prejudice after the expiration of that time, R.C. 2305.19, the Saving statute, permits re-filing within one year. The Reese court held R.C.2305.19 can have no application unless the action was originally timely filed.
{¶ 17} Here, appellant filed his cause of action in federal court on July 27, 2000. This is outside the statute of limitations under R.C.4112.99. Regardless of appellant's claim to have complied with federal procedural rules, we find appellant did not comply with the State requirements.
{¶ 18} Finally, appellant cites us to Cosgrove v. Williamsburg ofCincinnati Management Company, Inc. (1994), 70 Ohio St.3d 281 as authority for the proposition R.C. 4112.99 is a remedial statute subject to the six year statute of limitations set forth in R.C. 2305.07. Appellee responds Cosgrove involved the claim of sex discrimination based upon the plaintiff's pregnancy. Ohio law does not require an election of remedies for sex discrimination claims. We find the Cosgrove case is clearly distinguishable.
{¶ 19} We find the trial court did not err in granting summary judgment in favor of appellee. Accordingly, the assignment of error is overruled.
{¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By GWIN, J., HOFFMAN, P.J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.